Post and Wilson *vs.* Carpenter.—Statement of Case.

R. B. & D. W. Post AND DAVID C. WILSON, APPELLANTS, *vs.* WIL- LIAM S. CARPENTER, ET AL.

This Court having appellate jurisdiction only, to be exercised in cases brought up by appeal or writ of error from the several circuit courts, the decision of a judge, sitting in vacation, is not such a decision as an appeal lies from.

The Appellants, Post and Wilson, sued out writs of attachment against property belonging. to William S. Carpenter, an absconding.

debtor.    Other creditors also commenced suit by attachment against the said Carpenter, but the writs sued out by Appellants were first levied.    The attachments of Appellants and the other creditors were levied on sundry bales of cotton at St. Marks, in the county of Wakulla, which cotton was, by order of the Judge of the Middle Circuit, sold, and the proceeds paid into the registry of the Court, to abide the final judgment to be rendered in said suits.

At the Fall term of the Circuit Court held in and for the county of Wakulla, 1848, judgments were entered up in favor of the several plaintiffs in attachment, and the proceeds of the sales of Cotton not being sufficient to pay off and discharge the debts due to all the attaching creditors, the counsel for Appellants moved the court to grant an order directing the proper officer to appropriate the said proceeds to the payment of the debts for which attachments had been first levied ; or to direct payment according to priority of levy.

This motion was adjourned to be heard at a subsequent day, in Leon county, by agreement of counsel : and afterwards the motion, having been heard and argued before the Hon. Thomas Baltzell, Judge of the Middle Circuit, was overruled.    From which decision the said Post and Wilson, claiming to be entitled to the moneys by reason of priority in the levy of their attachments, appealed.

The counsel for the respective parties interested agreed upon a statement of facts for the purpose of procuring a decision upon the question involved in the motion.

But the only question entertained or considered by this Court was that of jurisdiction.

A. E. *Maxwell* and *Douglas & Hogue* for Appellants.

Chief Justice Douglas delivered the opinion of the Court :

In this case, as appears by a statement of facts presented in this Court, a motion was made at the Fall Term of the Circuit Court holden in and for Wakulla county, in the year 1848, for the distribution of certain moneys, the proceeds of property of the one William S. Carpenter, which had been sold by order of the Judge of said Court, after it had been levied upon by the sheriff of said county by virtue of sundry writs of attachment, at the suit of different parties, against said William S. Carpenter ; in which suits judgments had been respectively rendered in favor of the plaintiffs therein ; which

motion, by consent of parties, was adjourned to be heard in Leon County.

The case comes before us upon the following statement, which is appended to the statement of facts above mentioned, viz :

" And the motion aforesaid, having been argued before the Judge aforesaid and considered by him, was refused and overruled, and all the parties decided to be entitled to share the said moneys pro rata. From which an appeal is taken by the said R. B. & D. W. Post and David C. Wilson."

To which statement is annexed an agreement in the following words :—

"It is agreed by and between the undersigned attorneys in the said suits of attachment that this motion be submitted to the Supreme Court, upon the foregoing statement of facts, and that the decision of said Court thereupon shall be as binding as if brought up upon a more formal record. January 15, 1849." Which agreement is signed by the attorneys of the respective plaintiffs in attachment, but is not signed by William S. Carpenter, the defendant in the said several suits of attachment, or by his attorney.

Under these circumstances we are asked to take jurisdiction of and adjudicate this case. But, after the most mature deliberation, we think that we are not warranted in so doing. That an attorney, in an action at law, has a general power to refer his client's cause to arbitration and, by entering into a reference, to bind his client, we entertain no doubt. This principle is sustained by numerous authorities. See Watson on Arbitration and Awards, pages 49 and 50. 8 Law Lib., and cases there cited. But we are not prepared to admit that they, or even the parties themselves, can by such an agreement make this Court the arbitrator ; and it is very evident that, if we hear this cause, we hear it in that character. The judgment, if any was really entered in this case, appears from the statement itself to have been given in vacation, and there is nothing in that statement to show that there was any agreement that it might be entered *nunc pro tunc*, or, indeed, that any judgment has been entered in this case upon the records of the Wakulla Circuit Court.— It was, to be sure alleged at the bar that it was understood and agreed by the attorneys of the respective parties, that it should be so entered. This, however, is not sufficient ; but if such an agreement had been entered into in writing and filed by them in the proper

7

court, it may be very doubtful whether that, of itself, would have authorized an appeal from such judgment to have been taken *nunc pro tunc.* We are inclined to the opinion that it would not, and that, if an appeal could have been taken at all upon such a judgment, a special agreement would have been necessary to have authorized it. But this question, not being now before us, we do not decide it —the time to do that will be when the question arises.

This Court has appellate jurisdiction only, and that is to be exercised in cases brought up by appeal or writ of error from the several Circuit Courts—see Thompson's Digest, pages 50 and 51. No. 1 and No. 5. The judge, sitting in vacation, is not, for this purpose and in contemplation of these provisions, a Circuit Court, and no appeal lies, therefore, to this Court, in such a case, from such a decision ; and we are informed by the Judge who acted in this matter, that he would not have done so had he not understood that no appeal was intended ; and, if we rightly comprehend his views, the decision that he made was, according to his understanding of it, rather an extra-judicial one. The only statute in this State which provides for appeals in cases at law, [and the common law afforded no such remedy,] may be found in Thompson's Digest, page 446; No 1, and in Duval's Comp., page 108, sec. 1 ; and it declares that " If a party, in either of the Circuit Courts of this State, shall feel aggrieved by a final judgment, sentence or decree made or pronounced by any or either of said courts, it shall and may be lawful for such party, during the session of the Court at which such judgment, sentence or decree is rendered or pronounced, or within ten days thereafter, to obtain, in court, if the appeal be made in term time, or in the clerk's office, if it be in vacation, his, her or their appeal to the Supreme Court of this State." No such appeal was thus taken or obtained in this case, and no record of the circuit Court is brought up. Consequently, this Court has no jurisdiction in it, and the case must be dismissed.

*Per curiam.*